IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GARY GIBSON,

        Plaintiff,                1:14-cv-00817-PA

                                                **ORDER**

    v.

WALDEN UNIVERSITY, LLC,

        Defendant.

---

**PANNER, J.**

This matter comes before the Court on Defendant's Motion to Dismiss the Second Amended Complaint (#22). Defendant's Motion is GRANTED.

## Background

Defendant Walden University is a private university which operates primarily via the Internet. Plaintiff enrolled with Defendant in 2011 as a masters candidate in Mental Health Counseling. As part of his degree program, Plaintiff attended a Portland residency in late October 2013. Plaintiff alleges that he disclosed his "pedophilic sexual orientation" during a small

1 - ORDER

group session and that he was subsequently dismissed from the program and the university.

## Legal Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

## Discussion

Plaintiff's Second Amended Complaint alleges that Defendant's Student Handbook, which sets forth Defendant's nondiscrimination policy, formed a contract between the parties. Plaintiff alleges that Defendant violated that policy by dismissing him from the mental health counseling program based on his "pedophilic sexual orientation." Plaintiff also alleges that

2 - ORDER

Defendant breached a contract by failing to provide him with remedial modules as promised and by failing to provide a timely response to Plaintiff's appeal.

### I. The Walden Student Handbook[1]

Plaintiff's Second Amended Complaint alleges that the Walden Student Handbook created an enforceable contract between the parties in this case. The Walden Student Handbook states that it may be "may be modified or discontinued from time to time in the university's sole discretion . . . . Neither the provisions of this document, nor the acceptance of students through registration and enrollment in the university, constitutes a contract or an offer of a contract." Riedel Decl. Ex. A at ii, iii.

The existence of an enforceable contract is an essential element to a claim for breach of contract. Fort Vancouver Broadcasting Corp. v. Fouce Amusement Enters., 933 F.2d 1013 (9th Cir. 1991).

Plaintiff relies on Bird v. Lewis & Clark Coll., 104 F.

---

[1] Plaintiff's Second Amended Complaint references and relies upon the Walden Student Handbook, but does not explicitly incorporate it. In ruling on a 12(b)(6) motion, a court may generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). Defendant has provided the Student Handbook as an exhibit to the Riedel Declaration (#24) and Plaintiff makes no challenge to the exhibit's authenticity.

3  -  ORDER

Supp. 2d 1271 (D. Or. 2000), to support the existence of a contract between the parties. In Bird, the court concluded that "'[T]he basic legal relationship between a student and private university or College is contractual in nature. The catalogs, bulletins, circulars, and regulations of the institution made available to the matriculant became part of the contract.'" Id. at 1276 (quoting Ross v. Creighton Univ., 957 F.2d 410, 416 (7th Cir. 1992). In order to state a claim for breach of contract in the private university context, the plaintiff "must point to an identifiable contractual promise that the defendant failed to honor." Ross, 957 F.2d at 417.

Both Bird and Ross dealt with "individualized agreement[s]" to provide specific services to particular students. Bird, 104 F. Supp.2d at 1277. In Bird, the contract dealt with providing accommodations to a disabled student in order for her to participate in an overseas study program. Id. In Ross, the university promised to provide special services to allow a gifted basketball player to participate in the university's curriculum despite his academic difficulties. Ross, 957 F.2d at 417. In this case, by contrast, the alleged contract was contained in a generally applicable student handbook.

Under certain circumstances, a private university student handbook may constitute a contract between the student and the institution. See Dauven v. George Fox Univ., No. CV. 09-305-PK, 2010 WL 6089077, at *17 (D. Or. Dec. 3, 2010). In Dauven, the court held that a student handbook potentially constituted a

contract because it contained language indicating that it established a contract, including an "Agreement Contract," which required the student to read, sign, and abide by the guidelines contained within the handbook. Id. In the present case, by contrast, the Walden Student Handbook expressly disclaims the formation of a contract or that the Handbook constitutes an offer of a contract.

Other Circuits and Districts have confronted situations more closely analogous to the present case. In Carr v. Bd. of Regents of Univ. Sys. of Georgia, 249 F. App'x. 146, 150-51 (11th Cir. 2007), the Eleventh Circuit held that an undergraduate catalog did not constitute a contract, in part because it contained express disclaimers to that effect. See also Abbas v. Woleben, Civil No. 3:13-CV-147, 2013 WL 5295672, at *4 (E.D. Va. Sept. 19, 2013)(finding that university handbooks and catalogs do not form a contract when the terms are not binding on the university); Brown v. Rector & Visitors of the Univ. of Virginia, Civil Action No. 3:07-CV-00030, 2008 WL 1943956, at *6 (W.D. Va. May 2, 2008) (holding that a student handbook did not constitute a binding contract based on its disclaimers). I find these cases persuasive and, based on the disclaimers contained in the Walden Student Handbook, I conclude that no contract existed between the parties in this case.

Even if the Walden Student Handbook did constitute an enforceable contract, Plaintiff has not sufficiently alleged that Defendant's conduct constituted a violation of the Handbook's

5  - ORDER

nondiscrimination clauses. The Walden Student Handbook forbids "discrimination by or against members of the university community on the basis of race, color, national origin, gender, sexual orientation, religion, age, mental or physical disability, veteran status, *or other protected characteristics* in the admission to, access to, or treatment or employment in any of its programs or activities." Riedel Decl. Ex. A, at 331 (emphasis added). By its terms, the nondiscrimination clause is "consistent with applicable federal, state, and local laws guaranteeing nondiscrimination for all protected classifications[.]" Id. at 330. Plaintiff has not pled that "pedophilic sexual orientation" is a protected classification under either federal or state law, nor has he cited any authority for that proposition in his Response to Defendant's Motion to Dismiss (#25).[2] I conclude that "pedophilic sexual orientation" does not fall within the bounds of the Walden Student Handbook's nondiscrimination policy.

Accordingly, I conclude that Plaintiff has failed to state a

---

[2] Plaintiff cites to the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5") for the proposition that if an individual is sexually attracted to children but does not act on that attraction and is not troubled by it, the individual has "pedophilic sexual orientation." Plaintiff argues that Defendant is bound to consider "pedophilic sexual orientation" as covered by its nondiscrimination policy because it uses the DSM-5 as a textbook. P. Mem. Opp. at 5. At Defendant's request, I take judicial notice of the DSM-5. U.S. v. Cantu, 12 F.3d 1506, 1509 n. 1 (9th Cir. 1993)(taking judicial notice of the DSM Third Edition). I note that the relevant portion of the DSM-5 (discussing paraphilic disorders) identifies the described condition as "pedophilic sexual interest" and not "pedophilic sexual orientation," as suggested by Plaintiff. Escobar Decl. Ex. A, at 6.

claim for breach of contract based on the Walden Student Handbook. This claim is DISMISSED.

## II. Alleged Oral Promise

Plaintiff's Second Amended Complaint alleges that after he was dismissed from his residency, Walden administrators offered to provide two "remedial modules" so that Plaintiff could "complete a later session without additional charge." Second Am. Compl. at 3. Plaintiff alleges that he was not provided with these promised modules. Based on Plaintiff's Response to the Defendant's motion to dismiss, it appears that Plaintiff alleges that this promise constituted a contract.

In order to state a claim for breach of contract, a plaintiff must plead a bargain in which there is a manifestation of mutual assent to the exchange and consideration. U.S. for Use of Youngstown Welding and Engineering Co. v. Travelers Indem. Co., 802 F.2d 1164, 1169 (9th Cir. 1986). To the extent that Plaintiff has alleged a breach of contract claim based on oral promises, the Second Amended Complaint does not state that Plaintiff accepted the offer of the remedial modules, nor does he state what consideration was exchanged. Nor does the Second Amended Complaint clearly allege who made the promises or when. Such bare-bones allegations are not sufficient to support a claim for breach of contract.

Furthermore, in the dismissal letter attached to Plaintiff's Response, Plaintiff was informed that "Walden University has determined that your continued preparation as a counselor is not

7 — ORDER

consistent with the objectives of the counseling profession and not in your best interests or that of the university or the counseling client community." Pl.'s Resp. Ex. A, at 2. Plaintiff was informed that he was being dropped from the counseling course and dismissed from the university. The letter also states that Plaintiff's tuition for the counseling course would be refunded. Defendants unequivocal statements of dismissal are inconsistent with the alleged promise of remedial modules to allow Plaintiff to complete the counseling course, especially considering that Defendant had apparently determined that Plaintiff's continued enrollment presented an ethical conflict. This claim is DISMISSED.

### III. Inadequate Process

Plaintiff's Second Amended Complaint appears to allege that Defendant breached its contractual obligations when it failed to respond to Plaintiff's appeal of his dismissal within forty-five days as required by the American Counseling Association ("ACA") Code of Ethics and as provided in the Walden Student Handbook.[3] The ACA Code of Ethics requires counselor educators to "ensure that students have recouse in a timely manner to address decisions requiring them to seek assistance or to dismiss them and provide students with due process according to institutional

---

[3] Plaintiff appears to allege that he was entitled to process as part of the ACA Code of Ethics. Although Plaintiff does not explicitly incorporate the ACA Code of Ethics, the document is referenced and relied upon in his pleadings. It is therefore appropriate for consideration in ruling on this motion. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

8 - ORDER

policies and procedures." Escobar Decl. Ex B, at 15.

To the extent that Defendant was bound to abide by the ACA Code of Ethics, all that was required was compliance with institutional appeals procedures. Those procedures are contained in the Walden Student Handbook. The Walden Student Handbook says that "Normally no more than 45 calendar days should elapse between the filing of the appeal and the disposition by the chief academic officer." Reidel Decl. Ex. A at 339.

By its plain language, this provision does not guarantee disposition of an appeal within forty-five days. Although Plaintiff does allege that it took considerably longer for Defendant to resolve Plaintiff's appeal, his complaint was apparently investigated and ruled upon by the appropriate officials. I conclude that Plaintiff has failed to adequately state a breach of contract claim based upon failure to timely respond to Plaintiff's appeal.

## IV. Dismissal With Prejudice

Defendant requests that dismissal be with prejudice. Although pro se pleadings are held to less stringent standard than those drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), I note that Plaintiff has already amended his complaint twice. I see no possibility that Plaintiff might further amend his complaint to state a claim. Accordingly, dismissal is with prejudice.

9  - ORDER

## CONCLUSION

Defendants' Motion to Dismiss (#22) is GRANTED. This action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 13 day of November, 2014.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE